UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAIN LECONTE,<br>    Petitioner,<br><br>    v.<br><br>COMMISSIONER OF CORRECTION,<br>    Respondent. | No. 3:22-cv-00397 (SRU) |

## ORDER OF DISMISSAL

Alain Leconte ("Leconte") is a prisoner who is in the custody of the Connecticut Department of Correction ("DOC"). In March 2022, Mr. Leconte filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge the legality of his confinement. Pet., Doc. No. 1.

In June 2022, the Commissioner of Correction (the "Respondent") asked the Court to dismiss this action, arguing that the petition fails to state a cognizable claim, or in the alternative, raises unexhausted claims. Resp't Resp., Doc. No. 13. Shortly thereafter, Mr. Leconte filed a motion for miscellaneous relief, which I construe as a response to the respondent's arguments and a motion for appointment of counsel. Pet'r Mot. for Misc. Relief, Doc. No. 15. Mr. Leconte then filed another motion to appoint counsel in the form of a letter. Pet'r Letter Mot. for Appointment of Counsel, Doc. No. 17.

For the reasons stated below, the petition is **dismissed without prejudice** for failure to state a claim. Additionally, Mr. Leconte's motion for miscellaneous relief, doc. no. 15, and letter motion to appoint counsel, doc. no. 17, are **denied without prejudice**.

I.  BACKGROUND

The convictions at issue here stem from three armed robberies that occurred in Connecticut between October and December 2009. On December 12, 2009, Mr. Leconte was arrested and detained for a robbery that occurred on that date in Stamford. *See State v. Leconte*, 320 Conn. 500, 503–04 (2016). At the police station, Mr. Leconte provided a written statement in which he confessed to his involvement in the Stamford robbery and provided details regarding the incident. *Id.* at 504. During his incarceration for the Stamford robbery, Mr. Leconte told his cellmate, a cooperating witness for the state, that he had been involved in a robbery in Norwalk on October 10, 2009, and another in Greenwich on November 21, 2009. *Id.*

1.  *Trial Proceedings*

Over Mr. Leconte's objection, the criminal charges arising from the three robberies were joined for trial on August 21, 2012. *Id.* After a jury trial, Mr. Leconte was convicted on the state charges of murder, felony murder, attempted murder, and robbery arising from his participation in the three robberies. *Id.* at 504–05. On February 13, 2013, the trial court imposed a sentence of ninety years of incarceration. *Id.* at 505.

Mr. Leconte appealed his conviction, and the Connecticut Supreme Court affirmed his conviction. *Id.* at 519. Specifically, the Connecticut Supreme Court considered Mr. Leconte's claim that he was deprived of his Sixth Amendment right to counsel when the trial court admitted the incriminating statements he made to his cellmate about his involvement in the Norwalk and Greenwich robberies. *Id.* at 505. Per Mr. Leconte, by trying the three robberies together, the incriminating statements could have invited the jury to infer that if he committed the Norwalk and Greenwich robberies, he was likely to have committed the Stamford robbery. *Id.* at 505. Ultimately, the Connecticut Supreme Court disagreed, concluding that the evidence of

Mr. Leconte's guilt, even without the testimony of the informant was so overwhelming and compelling that any error, even if it did exist, was harmless. *Id.* at 506.

Additionally, the Connecticut Supreme Court considered Mr. Leconte's claim that the trial court violated his Sixth Amendment right to confrontation, or, in the alternative, abused its discretion when it restricted defense counsel's cross-examination of one of Mr. Leconte's coconspirators in the Greenwich robbery. *Id.* at 508. Again, the Court rejected Mr. Leconte's claim, concluding that the trial court's ruling permitted the defense to expose all the information Mr. Leconte sought to enter into evidence and adequately addressed the coconspirator's credibility on cross-examination. *Id.*

### 2.      State Habeas Proceedings

In March 2015, Mr. Leconte, proceeding *pro se*, filed a state habeas corpus action. *See Alain Leconte #341059 v. Warden, State Prison State Habeas Action*, Dkt. No. TSR-CV15-4007109-S (Conn. Super. Ct. filed Mar. 26, 2015). An amended petition, through new counsel, was filed three years later. *Id.*; *see also* Am. Pet., Resp't. App. B, Doc. No. 13-2. Therein, Mr. Leconte alleged that: (1) his trial counsel was ineffective because he failed to adequately investigate the degree of Mr. Leconte's mental illness and how that illness rendered the incriminating statements Mr. Leconte made to his cellmate involuntary; and (2) his appellate counsel was ineffective because he failed to claim on direct appeal that the trial court improperly joined the criminal cases for trial. *See* Am. Pet., Resp't. App. B, Doc. No. 13-2, at 9–12.

After a full trial, the state habeas court rejected Mr. Leconte's claims. *See Leconte v. Warden*, 2019 WL 5428346, at *1 (Conn. Super. Ct. Oct. 2, 2019). Regarding the ineffective assistance of trial counsel claim, the state habeas court noted that the evidence failed to establish how Mr. Leconte was impacted, if at all, by his various mental health issues when the inmate

informant recorded their conversation. *Id.* at *7–*8. Further, the state habeas court noted that Mr. Leconte failed to establish what he believes his trial counsel should have done and how that would have made a difference in the outcome of the suppression hearing or the jury verdict. *Id.* Finally, the state habeas court noted that there was no evidence that Mr. Leconte's statements to the cellmate informant were not knowing, intelligent, and voluntary. *Id.* Regarding his ineffective assistance of appellate counsel claim, the state habeas court held that Mr. Leconte failed to provide evidence that his appellate counsel's choices were not made in furtherance of a reasonable strategy; nor had Mr. Leconte provided evidence or argument to show that he was prejudiced by his appellate counsel's failure to challenge the joinder on his appeal. *Id.* at *10.

Again, Mr. Leconte appealed the habeas court decision. *See Leconte v. Comm'r of Correction*, 207 Conn. App. 306 (2021). On appeal, he made two principal claims: first, that the habeas court improperly concluded that his trial counsel did not render ineffective assistance in his efforts to suppress the cellmate recording; and second, that the habeas court improperly concluded that his appellate counsel did not render ineffective assistance by failing to raise on direct appeal that the trial court improperly joined the charges stemming from the three robberies. *Id.* On September 7, 2021, the Connecticut Appellate Court affirmed the habeas court's decision. *Id.* at 328. Notably, the Appellate Court held that it was not persuaded by Mr. Leconte's first claim and declined to reach the second claim because of inadequate briefing. *Id.* at 308. Following that decision, Mr. Leconte filed a petition for certification to appeal from the Appellate Court, which was denied by the Supreme Court of Connecticut. *Leconte v. Comm'r of Correction*, 340 Conn. 902 (2021).

In addition, Mr. Leconte has a second pending habeas matter that appears to assert ineffective assistance of counsel claims of his habeas counsel. *Alain Leconte #341059 v. Comm'r*

*of Correction*, Dkt. No. TSR-CV20-5000463-S (Conn. Super. Ct. filed Dec. 19, 2019). That matter is scheduled for trial in 2024.

## II. LEGAL STANDARD

Pursuant to Section 2254 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court shall issue a writ of habeas corpus for an individual in state custody "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). A district court may grant a writ of habeas corpus for claims that were adjudicated on the merits in state court only if the adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] state court adjudicate[s] a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citing 28 U.S.C. § 2254(d)(1)).

## III. DISCUSSION

### A. The Present Habeas Petition

Mr. Leconte, proceeding *pro se*, has filed the subject petition pursuant to 28 U.S.C. § 2254. Because Mr. Leconte is a *pro se* petitioner, I will construe his pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Mr. Leconte's *pro se* status, however, "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (cleaned up).

5

Construed liberally, Mr. Leconte's petition wholly fails to state a cognizable claim. The first ground for relief asserted by Mr. Leconte is as follows: "I have a low I.Q[.] I need a lawyer pleas[e] (Don[']t understand)." Pet., Doc. No. 1, at 5. In support of that ground, Mr. Leconte states: "Also I have mental[]health issues so I need help ans[w]ering this inform[at]ion, but I'l[l] attach additional inform[at]ion like my Petition for Certification—for Review to the Supr[e]me[] Court[.]" *Id.* In other sections of the petition, Mr. Leconte indicates that he needs a lawyer, does not understand what information the form requests, and has a low I.Q. *Id.* at 4, 17–24. But there are simply no facts that would suggest that Mr. Leconte is being unlawfully held in custody. Indeed, the petition is in substance a motion for appointment of counsel.

It is true that Mr. Leconte's habeas petition mentions his petition for certification to the Connecticut Supreme Court. Pet., Doc. No. 1, at 5. But Mr. Leconte provides no indication that he incorporates those arguments for habeas relief in this petition. Furthermore, I observe that in his response to the respondent's arguments for dismissal, Mr. Leconte states that he is entitled to relief on the following bases: (1) the state taking advantage of his mental health illness by placing him in a cell with an informant; (2) the state violating his right to a fair trial since it did not have his DNA; (3) ineffective assistance of counsel due to counsel's failure to investigate his mental health and failure to present certain witnesses regarding his mental health. Pet'r Mot. for Misc. Relief, Doc. No. 15, at 7-11. All those claims, however, exceed the scope of Mr. Leconte's arguments asserted in his attached petition for certification. As such, it is not clear what grounds he is asserting for habeas relief. Neither the Court nor the respondent should be expected to speculate as to the grounds Mr. Leconte asserts for relief. *See Williams v. Kullman*, 722 F.2d 1048, 1051 (2d Cir. 1983) ("habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them …."') (cleaned up). Mr. Leconte was required to set forth

6

substantive facts that point to a real possibility of constitutional error, but his petition fails to do so. *See Blackledge v. Allison*, 431 U.S. 63, 76 n.7 (1977) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases for proposition that "'[n]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error'").

Even if I were to construe Mr. Leconte's petition to assert claims based on ineffective assistance of trial and appellate counsel, the respondent contends that he has not exhausted such claims. Resp't. Resp., Doc. No. 13, at 9-13. At this time, I will not consider whether Mr. Leconte has exhausted his ineffective assistance of counsel claims. But I advise Mr. Leconte that a federal court cannot grant habeas relief to a state prisoner unless he has exhausted his remedies in state court.[1] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State."). In order to properly exhaust his state court remedies, Mr. Leconte must present the factual and legal bases of his federal claims to the highest state court capable of reviewing them and utilize all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005). Put simply, if Mr. Leconte has not presented his grounds for habeas relief to the highest court in Connecticut, then he should wait until he has exhausted such claims before filing his petition for habeas relief in federal court.

---

[1] Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

7

To conclude, I cannot determine from the face of this petition or supporting materials what grounds Mr. Leconte is asserting for relief in this matter. Accordingly, I dismiss the instant petition for failure to allege substantive facts to enable me to assess whether there was a possible constitutional error. I will afford Mr. Leconte one opportunity to file an amended petition that alleges the grounds with supporting facts for his petition for habeas relief. Alternatively, if Mr. Leconte's claims are unexhausted, he may wait until he has exhausted his claims and file a new petition in a separate action.

B.      Motion to Appoint Counsel

I will also deny without prejudice Mr. Leconte's requests for an appointment of counsel, doc. nos. 15, 17. The Sixth Amendment "right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987). Consequently, prisoners have no constitutional right to counsel in collateral post-conviction proceedings. *Id.*

That said, a district judge has discretion to appoint counsel for a section 2254 petitioner who is financially eligible "[w]henever … the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In addition, should I determine that a hearing is necessary, and justice requires it, I must appoint counsel to represent petitioner. *See* R. 8(c) of Governing § 2254 Cases; *see also Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007) ("Rule 8(c) mandates the appointment of counsel at required evidentiary hearings."). On the present record, I cannot conclude that a hearing is likely to be necessary or that justice requires the appointment of counsel. However, Mr. Leconte may file another request for an appointment of *pro bono* counsel at a later time. The Court is sympathetic to Mr. Leconte's representation that he requires assistance due to his I.Q., but Mr. Leconte must at least assert what claims he seeks to raise in his habeas petition to assist the Court in its decision whether the appointment of counsel is appropriate.

In sum, Mr. Leconte's motion for miscellaneous relief, doc. no. 15, and letter motion to appoint counsel, doc. no. 17, are denied without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, I **dismiss** the petition under 28 U.S.C. § 2254 without prejudice to refiling an amended petition. Should Mr. Leconte file an amended petition, he is advised that he must clearly identify his grounds for relief and explain how those grounds were exhausted in state court.

If Mr. Leconte seeks to raise both exhausted and unexhausted claims in his amended petition, he has two options: (1) he may proceed only as to those grounds for which he has exhausted his state court remedies; or (2) he may wait to file an amended petition after he has fully exhausted all available state court remedies as to all grounds he seeks to raise. Mr. Leconte is cautioned, however, that if he chooses to proceed only on the exhausted claims, he will run the risk that any subsequent petition containing the unexhausted claims will likely not be considered by this Court as it would constitute a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Mr. Leconte's motion for miscellaneous relief, doc. no. 15, and motion to appoint counsel, doc. no. 17, are **denied without prejudice**.

Finally, because Mr. Leconte has not made a substantial showing that this ruling denies his constitutional rights, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

The clerk is instructed to close this case. Should Mr. Leconte seek to file an amended petition, he shall file a motion to reopen this case, together with an amended petition that contains only exhausted claims as grounds for habeas relief.

It is so ordered.

Dated at Bridgeport, Connecticut this 17th day of March 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge